UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE No.:

TAVIA WAGNER,

    Plaintiff,

vs.

GINIYA INTERNATIONAL CORPORATION,
d/b/a QUICK STOP DISCOUNT MART,

    Defendant.
_____/

**COMPLAINT**

Plaintiff, TAVIA WAGNER (hereinafter the "Plaintiff"), through undersigned counsel, hereby files this Complaint and sues GINIYA INTERNATIONAL CORPORATION, a Florida Corporation, d/b/a QUICK STOP DISCOUNT MART (hereinafter, the "Defendant") for injunctive relief, attorney's fees and costs (including, but not limited to, court costs and expert fees), pursuant to 42 U.S.C. §12181, et. seq., ("AMERICANS WITH DISABILITIES ACT" or "ADA") and alleges:

**JURISDICTION AND PARTIES**

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181, et. seq., (hereinafter referred to as the "ADA"). This Court is vested with jurisdiction under 28 U.S.C. §1331 and §343.

2. Venue is proper in this Court, Middle District pursuant to 28 U.S.C. §1391(B) in that all events giving rise to this lawsuit occurred in Volusia County, Florida.

3. At the time of Plaintiff's visit to Defendant's Subject Facilities, prior to instituting the instant action, TAVIA WAGNER (hereinafter referred to as "WAGNER"), was a resident of the State of Florida, suffered from what constitutes a "qualified disability" under the Americans with Disabilities Act of 1990, and used a wheelchair for mobility. Plaintiff has Spina Bifida. Since childhood, she has been required to traverse in a wheelchair, and is substantially limited to performing one or more major life activities including, but not limited to, walking, standing, grabbing, grasping, and/or pinching.

4. The Plaintiff personally visited, in or about April 3, 2019 Defendant's Subject Facilities, but was denied full and equal access to, and full and equal enjoyment of, the facilities services, goods, privileges and accommodations offered within Defendant's Subject Facilities, which is the subject of this lawsuit, even though she would be classified as a "bona fide patron", because of her disabilities. Plaintiff lives in Volusia County, Florida, in close proximity to Defendant (within 22.4 miles) and travels in the surrounding areas near Defendant's Subject Facilities on a regular basis.

5. The Defendant, GINIYA INTERNATIONAL CORPORATION, a Florida Corporation, d/b/a QUICK STOP DISCOUNT MART, is authorized to conduct and is conducting business within the State of Florida.

6. Upon information and belief, GINIYA INTERNATIONAL CORPORATION is the lessee and/or operator of the real property (the "Subject Facility"), and the owner of the improvements where the Subject Facility is located which is the subject of this action, the establishment commonly referred to as QUICK STOP DISCOUNT MART, located at 580 Mason Avenue, Daytona Beach, Florida.

7. All events giving rise to this lawsuit occurred in the State of Florida. Venue is proper in this Court as the premises are located in Volusia County in the Middle District, Orlando Division.

**COUNT I – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT**

8. On or about July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101, et. seq. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of the Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508(a).

9. Congress found, among other things, that:

   (i) some 43,000,000 Americans have one or more physical or mental disabilities, and this number shall increase as the population continues to grow older;

   (ii) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against disabled individuals continue to be a pervasive social problem, requiring serious attention;

   (iii) discrimination against disabled individuals persists in such critical areas as employment, housing, public accommodations, transportation, communication, recreation, institutionalization, health services, voting and access to public services and public facilities;

   (iv) individuals with disabilities continually suffer forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, failure to make modifications to existing facilities and practices. Exclusionary qualification standards and criteria, segregation, and regulation to lesser services, programs, benefits, or other opportunities; and,

   (v) the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for

        which our country is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. §12101(a)(1)-(3), (5) and (9).

10.     Congress explicitly stated that the purpose of the ADA was to:

    (i)     provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

    (ii)     provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

    (iii)     invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. §12101(b)(1)(2), and (4).

11.     Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, Defendant is a place of public accommodation in that they are an establishment which provide goods and services to the public.

12.     Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the building and/or Subject Facility which is the subject of this action is a public accommodation covered by the ADA and which must be in compliance therewith.

13.     The Plaintiff is informed and believes, and therefore alleges, that the Subject Facility has begun operations and/or undergone remodeling, repairs and/or alterations since January 26, 1990.

14.     Defendant has discriminated, and continue to discriminate, against the Plaintiff, and others who are similarly situated, by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at Defendant's Subject Facilities in derogation of 42 U.S.C. §12101, et. seq., and as prohibited by 42 U.S.C.

§12182 et. seq., and by failing to remove architectural barriers pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

15. The Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, all accommodations and services offered at Defendant's Subject Facilities. Prior to the filing of this lawsuit, the Plaintiff visited the subject properties and was denied full and safe access to all the benefits, accommodations and services of the Defendant. Prior to the filing of this lawsuit, WAGNER, personally visited GINIYA INTERNATIONAL CORPORATION, d/b/a QUICK STOP DISCOUNT MART with the intention of using Defendant's facilities, but was denied full and safe access to the facilities, and therefore suffered an injury in fact. As stated herein, the Plaintiff has visited the Subject Facilities in the past, prior to the filing of this lawsuit, resides near said Subject Facility, and Plaintiff intends to return to the Subject Facility and Property within six months, or sooner, upon the Subject Facility being made accessible. As such, Plaintiff is likely to be subjected to continuing discrimination at the Subject Facility unless it is made readily accessible to and usable by individuals with disabilities to the extent required under the ADA, including the removal of the architectural barrier which remain at the Subject Facility.

16. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $110,000 for the first violation and $150,000 for any subsequent violation.

17. The Defendant's Subject Facilities are in violation of 42 U.S.C. §12182 <u>et. seq.</u>, the ADA and 28 C.F.R. §36.302 <u>et. seq.</u>, and is discriminating against the Plaintiff, as a result of <u>interalia,</u> the following specific violations:

**<u>VIOLATIONS</u>**

a) Failure to provide ADA compliant parking stall striping, in violation of 2014 FAC and 2010 ADAS Section 502.3.3.

b) Failure to provide ADA compliant parking stall width clearance, in violation of 2014 FAC Section 502.1.

c) Failure to provide ADA compliant parking stall slope gradings, in violation of 2014 FAC Section 502.4.

d) Failure to provide ADA compliant access aisle width clearance, in violation of 2014 FAC and 2010 ADAS Section 502.3.1.

e) Failure to provide ADA compliant access aisle striping, in violation of 2014 FAC and 2010 ADAS Section 502.3.3.

f) Failure to provide ADA compliant parking stall signage, in violation of 2014 FAC Section 502.6.

g) Failure to provide ADA compliant accessible route leading to building entrance, in violation of 2014 FAC and 2010 ADAS Section 302.1.

h) Failure to provide ADA compliant accessible route that does not provide abrupt changes in elevation greater than ¼ inch, in violation of 2014 FAC and 2010 ADAS Section 303.2 and 303.3.

i) Failure to provide ADA compliant accessible route with compliant slope grading, in violation of 2014 FAC and 2010 ADAS Section 403.3.

j) Failure to provide ADA compliant entrance door ramp slope grading, in violation of 2014 FAC and 2010 ADAS Section 405.2.

k) Failure to provide ADA compliant entrance door landing, in violation of 2014 FAC and 2010 ADAS Section 404.2.4.1.

l) Failure to provide ADA compliant entrance door hardware, in violation of 2014 FAC and 2010 ADAS Section 309.4.

m) Failure to provide ADA compliant interior aisle width clearances, in violation of 2014 FAC and 2010 ADAS Section 403.5.1.

n) Failure to provide ADA compliant counter height, in violation of 2014 FAC and 2010 ADAS Section 904.4.1 and 904.4.2.

o) Failure to provide ADA compliant counter clear floor space, in violation of 2014 FAC and 2010 ADAS Section 904.4.1.

p) Failure to provide ADA compliant clear floor space throughout the subject facility, in violation of 2014 FAC and 2010 ADAS Section 403.5.1.

q) Failure to provide ADA compliant self-serve counter height, in violation of 2014 FAC and 2010 ADAS Section 904.4.1 and 904.4.2.

r) Failure to provide ADA compliant self-serve dispenser reach ranges, in violation of 2014 FAC and 2010 ADAS Section 308.1.

s) Failure to provide ADA compliant self-serve counter clear floor space, in violation of 2014 FAC and 2010 ADAS Section 904.4.1.

t) Failure to provide ADA compliant merchandise reach range, throughout the subject facility, in violation of 2014 FAC and 2010 ADAS Section 308.1.

    u) Failure to provide ADA compliant point of sale, merchandise and display reach range, throughout the subject facility, in violation of 2014 FAC and 2010 ADAS Section 308.1.

    v) Failure to provide ADA compliant directional signage to accessible restroom, in violation of 2014 FAC and 2010 ADAS Section 216.8.

    w) Failure to provide access to and use of ADA compliant restroom facilities, including, but not limited to, compliant restroom door, signage, hardware, the required restroom maneuverability clear floor space, toilet and lavatory clear floor spaces, entry door clear floor space, accessible grab bars, accessible dispenser heights, and mirror height.

18.    Upon information and belief, there are other current violations of the ADA at Defendant's Properties, and only once a full inspection is done can all said violations be identified.

19.    To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA. The barriers to access at the Subject Facilities, as described above, have severely diminished Plaintiff's ability to avail herself of the goods and services offered at the Subject Facilities, and compromise her safety.

20.    Pursuant to the ADA, 42 U.S.C. §12101 et. seq., and 28 C.F.R. §36.304, the Defendants were required to make the Subject Facility, a place of public accommodation, accessible to persons with disabilities since January 28, 1992. To date, the Defendant has failed to comply with this mandate.

21. The Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have her reasonable attorney's fees, costs and expenses paid by the Defendant, pursuant to 42 U.S.C. §12205.

22. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant the Plaintiff's injunctive relief; including an order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA and closing the subject facility until the requisite modifications are completed.

WHEREFORE, the Plaintiff hereby demands judgment against the Defendant and the Court declare that the subject property and Subject Facilities owned, operated, leased, controlled and/or administered by the Defendant is are violative of the ADA;

A. The Court enter an Order requiring the Defendant to alter their facilities and amenities to make them accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA;

B. The Court enter an Order directing the Defendant to evaluate and neutralize their policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow the Defendant to undertake and complete corrective procedures to the Subject Facility;

C. The Court award reasonable attorney's fees, all costs (including, but not limited to court costs and expert fees) and other expenses of suit, to the Plaintiff; and

D. The Court award such other and further relief as it deems necessary, just and proper.

Dated: This 8th day of July 2020.

>Respectfully submitted,
>
>By: /S/Joe M. Quick, Esq.
>Joe M. Quick, Esq.
>Bar Number 0883794
>Attorney for Plaintiff
>Law Offices of Joe M. Quick, Esq.
>1224 S. Peninsula Drive #619
>Daytona Beach, Florida 32118
>Telephone: 386.212.3591
>Email: JMQuickEsq@gmail.com