UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TAVIA WAGNER,

          **Plaintiff,**

v.                                     **Case No:  6:20-cv-1217-Orl-22DCI**

GINIYA INTERNATIONAL
CORPORATION,

          **Defendant.**

_____

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **Motion for Entry of Judgment Pursuant to FRCP 55(b)(2), After Clerk's Entry of Default as to Defendant (Doc. 10)** |
| **FILED:** | **October 10, 2020** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED without prejudice**.

### I.    Background

Plaintiff Tavia Wagner (Plaintiff) filed this action against Defendant Giniya International Corporation (Giniya) alleging violations of Title III of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12181, *et seq.* (the Complaint).  Doc. 1.

According to the allegations in the Complaint, which are taken as true due to the default, Plaintiff lives in Volusia County, Florida and uses a wheelchair for mobility due to spina bifida. *Id*. at ¶¶ 3-4.  Giniya is a Florida corporation and is authorized to conduct business in the State of

Florida.  *Id*. at ¶ 5.  Plaintiff alleges, upon information and belief, that Giniya is the lessee and/or operator of the real property at issue and the owner of the improvements where the real property is located.  *Id*. at ¶ 6.  The property is "commonly referred to as Quick Stop Discount Mart" and is located in Daytona Beach, Florida.  *Id*.

 Plaintiff alleges that she visited Quick Stop Discount Mart on or about April 3, 2019, but was denied full and equal access to, and full and equal enjoyment of, the facility's services, goods, privileges, and accommodations even though she would be classified as a "bona fide patron" because of her disabilities.  *Id*. at ¶ 4.

Plaintiff claims that she has, therefore, suffered an injury in fact.  *Id*. at ¶ 15.  Plaintiff provides a list of 23 violations under the ADA and alleges "other current violations of the ADA" that may be identified "once a full inspection is done."  *Id*. at ¶¶ 17-18.  Plaintiff claims that she is likely to be subjected to continuing discrimination at Quick Stop Discount Mart unless it is made readily accessible to and usable by individuals with disabilities to the extent required under the ADA, including the removal of the architectural barrier which remains at the property.  *Id*. at ¶ 15.

On October 10, 2020, Plaintiff filed the motion for default judgment against Defendant that is now before the Court.  Doc. 13.  Through the Motion, Plaintiff seeks an Order enjoining Defendant from discriminating against individuals with disabilities, directing removal of the architectural barriers, and closing Quick Stop Discount Mart until "completion of all alterations necessary to make the premises accessible, and safe for individuals with disabilities and otherwise in compliance with the ADA."  *Id*. at 15.  Plaintiff requests that the Court retain jurisdiction regarding the issue of fees, costs, and litigation expenses incurred in the matter.  *Id*.  Plaintiff does not specify the amount of fees and costs incurred.  *See id*.

## II.        Standard of Review

The Federal Rules of Civil Procedure establish a two-step process for obtaining default

judgment.  First, when a party against whom a judgment for affirmative relief is sought fails to

plead or otherwise defend as provided by the Federal Rules of Civil Procedure, and that fact is

made to appear by affidavit or otherwise, the Clerk enters default.  Fed. R. Civ. P. 55(a).  Second,

after obtaining clerk's default, the plaintiff must move for default judgment.  Fed. R. Civ. P. 55(b).

Before entering default judgment, the court must ensure that it has jurisdiction over the claims and

parties, and that the well-pled factual allegations of the complaint, which are assumed to be true,

adequately state a claim for which relief may be granted.  *See Nishimatsu Constr. Co. v. Houston

Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[1]

A complaint must contain "a short and plain statement of the claim showing that the pleader

is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This standard does not require detailed factual

allegations, but does demand "more than an unadorned, the-defendant-unlawfully-harmed-me

accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 555 (2007)).  Thus, the "complaint must contain sufficient factual matter, accepted as

true, to 'state a claim to relief that is plausible on its face.'"  *Id*. (quoting *Twombly*, 550 U.S. at

570).  To state a plausible claim for relief, a plaintiff must go beyond merely pleading the "sheer

possibility" of unlawful activity by a defendant and offer "factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*. (citing

*Twombly*, 550 U.S. at 556).  If a plaintiff fails to meet this pleading standard, then the plaintiff will

not be entitled to default judgment.

---

[1] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit
handed down prior to the close of business on September 30, 1981.  *Bonner v. City of Prichard*,
661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

### III.    Discussion

#### A.  Jurisdiction

Before entering default judgment, a court must ensure it has subject matter jurisdiction over the case.  *See Arbaugh v. Y&H Corp.*, 546 U.S. 500 (2006) (courts have to ensure subject matter jurisdiction).  "District courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Here, Plaintiff alleges that Defendant violated the ADA.  Doc. 1.  Accordingly, the undersigned finds that subject matter jurisdiction is present.

#### B.  Clerk's Default

Plaintiff filed a return of service indicating that Giniya was served on August 1, 2020 through the co-resident of the registered agent.  Doc. 7.  This was proper service under Florida law.  *See Kennedy v. U & V Food Corp.*, 2018 U.S. Dist. LEXIS 99848, at *4 (M.D. Fla. June 14, 2018) (citing Fla. Stat. §§ 48.031(1)(a), 48.081(3)(a)-(b)) (finding that the defendant was properly served because process was served on the co-resident of the registered agent of the corporation at the registered agent's residence and that co-resident was 15 years of age or older and informed of the contents of the process.)).

 Thus, Defendant had 21 days from the date of service to respond to the Complaint.  Fed. R. Civ. P. 12(a)(1)(A)(i).  Defendant did not file an answer or otherwise respond and the time for doing so elapsed.  As such, Clerk's default was entered on October 10, 2020.  Doc. 10.  The undersigned finds that the Clerk properly entered the default.

#### C. **Standing**

Standing "is a threshold jurisdictional question which must be addressed prior to and independent of the merits of a party's claims."  *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974

- 4 -

(11th Cir. 2005) (quotation omitted).  The Court is required to consider standing *sua sponte* even if the parties have not raised the issue, because the Court must ensure that it has jurisdiction over the case before it rules on the merits of a party's claim.  *See AT&T Mobility, LLC v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 494 F.3d 1356, 1360 (11th Cir. 2007) (explaining that a court is required to *sua sponte* consider whether a party has standing to bring the case).

A plaintiff must establish the following elements in order to have standing: 1) an injury-in-fact; 2) a causal connection between the injury and defendant's conduct; and 3) that it is likely the injury will be redressed by a favorable ruling.  *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1328 (11th Cir. 2013).  A plaintiff seeking prospective, injunctive relief pursuant to Title III of the ADA must also plausibly show that the plaintiff will suffer disability discrimination by the defendant in the future.  *Id*.  This means that the threat of future injury must be a "real and immediate – as opposed to merely conjectural or hypothetical – threat of *future* injury."  *Id*.

Here, Plaintiff identifies specific barriers at Quick Stop Discount Mart, the property at issue, and alleges that such barriers preclude her full access, use, and enjoyment of the property. This Court has stated that such allegations establish a "cognizable interest for purposes of standing."  *Hoewisher v. Cedar Bend Club, Inc.*, 887 F.Supp.2d at 1222 (finding standing because the barriers listed in the amended complaint prohibited the plaintiff from fully enjoying the defendant's facilities).

Although Plaintiff alleges that her injury occurred at Quick Stop Discount Mart, the location of the alleged discriminatory barriers, Plaintiff has not sufficiently alleged a connection between this location and Defendant's conduct.  Rather, Plaintiff alleges that "[u]pon information and belief," Giniya is the lessee and/or operator of the real property, and the owner of the improvements where the property is located which is the subject of this action.  Doc. 1 at ¶ 6.

Although well-pled factual allegations are admitted by virtue of the default, the Complaint here does not adequately set forth facts, as opposed to vague allegations made on "information and belief," to establish that *this* Defendant is the proper party responsible for the alleged ADA violations at this property, which Plaintiff alleges caused her injury. *See, e.g.*, *Cohan v. Sparkle Two, LLC*, 309 F.R.D. 665, 667 (M.D. Fla. 2015) (noting that because injunctive relief was sought, the plaintiff was required to establish that the correct party was before the Court, and finding that the plaintiff's allegation was insufficient where the plaintiff alleged that, upon information and belief, the defendant was the lessee, operator, owner and lessor of the real property that was the subject of the suit). Thus, the undersigned finds that Plaintiff has failed to allege the causal connection between the injury and Defendant's conduct.

Finally, Plaintiff must establish that her injury "will be addressed by a favorable decision." *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1328 (11th Cir. 2013). Where, as here, prospective injunctive relief is sought, the plaintiff must allege facts plausibly showing "a real and immediate threat of future injury." *Id*. at 1329. Courts have considered a number of nonexclusive factors when analyzing a plaintiff's intent to return and likelihood of suffering future discrimination, including: 1) the proximity of the defendant's business to the plaintiff's residence; 2) the plaintiff's past patronage of the defendant's business; 3) the definiteness of the plaintiff's plan to return; and 4) the frequency of the plaintiff's travel near the defendant's business. *See id*. at 1327; *see also Hoewischer*. 877 F. Supp. 2d at 1222-23.

Plaintiff alleges that she lives within close proximity "to Defendant" (within 22.4 miles). Doc. 1 at ¶ 4. The undersigned finds that this factor weighs in her favor. The undersigned finds that this is in close proximity to the property. With regard to past patronage and frequency of travel, Plaintiff alleges that she visited Quick Stop Discount Mart in or about April 3, 2019 and

travels to the surrounding areas near the property on a regular basis.  *Id.*  Plaintiff claims that she visited Quick Stop Discount Mart "in the past, prior to filing this lawsuit, [and] resides near [the property] . . . ."  *Id.* at ¶ 15.  While Plaintiff has only specifically identified the April visit, the undersigned finds that the facts as alleged as to past patronage and frequency of travel weigh in Plaintiff's favor.  *See Longhini*, 2018 WL 4101003, at *3 (finding that the plaintiff satisfied these factors with only the specific allegation that he visited the hotel from May 25-26, 2017 and frequents the area and hotel for pleasure.).

However, with respect to definitiveness of Plaintiff's plan to return to Quick Stop Discount Mart, she states that she plans to return to the property "within six months, or sooner upon the [s]ubject [f]acility being made accessible."  Doc. 1 at ¶ 15.  The Court has found similar statements insufficient to establish a definite plan to return to the premises.  *See Longhini*, 2018 WL 4101003, at *3 (finding that the plaintiff's allegation that he intended to return to the hotel within four months to be insufficient) (citing *Brito W. Vine St. LLP*, 2018 WL 3361809, at *1 (M.D. Fla. July 10, 2018) (finding the plaintiff's statements that he plans to return to and visit the hotel properties and businesses regularly if they become accessible and definitely planned to do so within four months was insufficient.); *but see Hoewischer*, 877 F. Supp. 2d at 1223 (finding that the plaintiff's explicit plans to return to the subject property within one month of when the barriers are removed to be a sufficient assertion of his intention to return "at a specific point in time in the near future.") (citing *Ault v. Walt Disney World Co.*, 2008 WL 2047930, at *2 (M.D. Fla. May 13, 2008)).  So, while the definiteness of Plaintiff's plan to return may weigh against finding a redressable injury, the undersigned finds that the allegations as a whole, taken as true, establish that Plaintiff's injury "will be addressed by a favorable decision."

But in light of the preceding finding that Plaintiff has failed to establish a causal connection between the injury and defendant's conduct requisite to establish standing in this case, the undersigned respectfully recommends that the Court deny the Motion on the ground that Plaintiff failed to sufficiently allege standing. Nevertheless, the undersigned will address the remainder of the Motion.

### D.  Liability

To state a cause of action for discrimination under Title III of the ADA, a plaintiff must allege that: "(1) [plaintiff] is a disabled individual; (2) the defendant owns, leases, or operates a place of public accommodation; and (3) the defendant discriminated against the plaintiff within the meaning of the ADA." *Duldulao v. Kennedy Spa, LLC*, 2013 WL 2317729, at *2 (M.D. Fla. May 28, 2013) (citing 42 U.S.C. § 12182(a)). Upon review, the undersigned finds that Plaintiff has failed to state a cause of action for discrimination under Title III.

With respect to the first element, Plaintiff alleges that she is an individual with disabilities. Doc. 1 at ¶ 3. Specifically, Plaintiff alleges that she uses a wheelchair for mobility due to spina bifida and is substantially limited to performing one or more major life activities, including walking, standing, grabbing, grasping, and/or pinching. *Id*. The undersigned finds these allegations sufficient to satisfy the first element.

With respect to the second element, Plaintiff alleges that "[u]pon information and belief," Giniya is the lessee and/or operator of the real property, and the owner of the improvements where the property is located which is the subject of this action. *Id*. at ¶ 6. Finally, Plaintiff alleges that "Defendant is a place of public accommodation in that they are an establishment which provide goods and services to the public." *Id*. at ¶ 11.

The undersigned finds Plaintiff's vague allegations "upon information and belief" regarding Defendant's status as owner, operator, lessee, or lessor of the property insufficient to satisfy the second element.  Again, a vague allegation made on "information and belief" is not sufficient to support a motion for default judgment.  *See Houston v. Fifo, Inc.*, No. 6:17-cv-1082-ORL-37DCI, 2017 WL 9690366, at \*3 n.5 (M.D. Fla. Nov. 30, 2017) ("[T]the undersigned finds Plaintiff's general allegation that Defendant 'owns, leases, leases to, or operates a place of public accommodation' to be akin to pleading an allegation 'upon information and belief,' and that Plaintiff's allegation thus does not constitute a proffer and is not supported by any factual basis."); *see also Cohan v. Sparkle Two, LLC*, 309 F.R.D. 665 (M.D. Fla. 2015) (noting that because injunctive relief was sought, the plaintiff was required to establish that the correct party was before the Court, and finding that the plaintiff's allegation was insufficient where the plaintiff alleged that, upon information and belief, the defendant was the lessee, operator, owner and lessor of the real property that was the subject of the suit).  Accordingly, the undersigned finds that Plaintiff has failed to satisfy the second element.

With respect to the third element, as an initial matter, the Eleventh Circuit has stated that under the ADA, a different standard applies to pre-existing buildings than buildings constructed on or after January 26, 1993.  *See Garthright-Dietrich v. Atl. Landmarks, Inc.*, 452 F.3d 1269, 1273 (11th Cir. 2006).

Here, Plaintiff does not specifically state when the building was constructed.  Even so, she states that "the [s]ubject [f]acility has begun operations and/or undergone remodeling, repairs and/or alternations since January 26, 1990."  Doc. 1 at ¶ 13.  According to the Complaint, the subject facility is located at 580 Mason Avenue, Daytona Beach, Florida, is an establishment commonly referred to as Quick Stop Discount Mart and is the subject of this action.  *Id*. at ¶ 6.

The undersigned finds that these allegations sufficiently apprise the Court that the property was in existence before 1993.

Given that finding, Plaintiff has failed to state a claim. If the building is a pre-existing building, then discrimination under the ADA is a "failure to remove architectural barriers . . . where such removal is readily achievable."  42 U.S.C. § 12182(b)(2)(A)(iv).  "Where removal is not 'readily achievable,' failure of the entity to make goods, services and facilities 'available through alternative methods if such methods are readily achievable,' may constitute discrimination under the ADA."  *Garthright-Dietrich*, 452 F.3d at 1273 (citing 42 U.S.C. § 12182(b)(2)(A)(v)).  The ADA has provided guidance on what is "readily achievable":

> The term "readily achievable" means easily accomplishable and able to be carried out without much difficulty or expense. In determining whether an action is readily achievable, factors to be considered include--
>
> (A) the nature and cost of the action needed under this chapter;
>
> (B) the overall financial resources of the facility or facilities involved in the action; the number of persons employed at such facility; the effect on expenses and resources, or the impact otherwise of such action upon the operation of the facility;
>
> (C) the overall financial resources of the covered entity; the overall size of the business of a covered entity with respect to the number of its employees; the number, type, and location of its facilities; and
>
> (D) the type of operation or operations of the covered entity, including the composition, structure, and functions of the workforce of such entity; the geographic separateness, administrative or fiscal relationship of the facility or facilities in question to the covered entity.

42 U.S.C. § 12181(9).

While Plaintiff included a lengthy list of violations under the ADA, she did not provide in the Complaint sufficient facts to show that the removal of the barriers is "readily achievable."  The

Complaint is completely barren of any facts regarding the § 12181(9) factors. *See* Doc. 1.[2]  Rather,

Plaintiff simply states that "the readily achievable barriers and other violations of the ADA still

exist and have not been remedied or altered in such a way as to effectuate compliance with the

provisions of the ADA." *Id.* at ¶ 19.  The undersigned finds that Plaintiff's conclusory allegation

is not enough to state a claim.   *Brito*, 2018 U.S. Dist. LEXIS 114358, at *11-12 (finding that the

plaintiff failed to plead or show that the violations could be rectified by alternations that are easily

accomplishable and able to be carried out without much difficulty or expense.); *see also*

*Hoewisher*, 2012 WL 139319, at *3-4  ("Because barrier removal requirements do not apply where

removal is not 'readily achievable,' plaintiff has failed to state a claim for which relief may be

granted.").

## E.  Relief

In the Complaint, Plaintiff requests that the Court declare that the property allegedly

owned, operated, leased, controlled and/or administered by Defendant is violative of the ADA.

Doc. 1 at ¶ 22.  Plaintiff requests that the Court require "Defendant to alter their facilities and

amenities to make them accessible to, and usable by, individuals with disabilities to the full extent

required by Title III of the ADA." *Id*.  Plaintiff also requests that the Court direct "Defendant to

evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

for such reasonable time so as to allow the Defendant to undertake and complete corrective

procedures to the Subject Facility." *Id*.

---

[2] The undersigned notes that, in the Motion, Plaintiff appears to take a somewhat more substantive
approach to establishing that the barriers are "readily achievable." *See* Doc. 10 at 2-10.  However,
it is the Complaint that "must contain sufficient factual matter, accepted as true, to 'state a claim
to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting
*Twombly*, 550 U.S. at 570).  Additionally, the undersigned cautions Plaintiff that any effort to
allege that barriers are "readily achievable" should be guided by the factors set out by 42 U.S.C. §
12181(9).

In the Motion, Plaintiff requests that the Court: enjoin Defendant from discriminating against individuals with disabilities; order Defendant to remove the architectural barriers under the ADA; close the property until completion of all alterations necessary to make the premises accessible by individuals with disabilities and otherwise in compliance with the ADA; and retain jurisdiction regarding the issue of Plaintiff's attorney's fees, costs, expert fees, and litigation expenses incurred in this action.  Doc. 10 at 15.

First, the undersigned finds that the relief is inappropriate because Plaintiff has not addressed how removal of the barriers is readily achievable as discussed in this Report.  Second, courts have denied motions for default judgment under the ADA when the plaintiff requests broad and non-specific injunctive relief.  *See e.g. Kennedy v. Bindi, Inc.*, 2018 U.S. Dist. LEXIS, at 15-16 (M.D. Fla. Apr. 26, 2018), *rep. and recommendation adopted by* 2018 U.S. Dist. 80415 (May 14, 2018) (denying motion for default judgment because the plaintiff "expressly requests a broad, non-specific injunction. . .").

"Pursuant to Rule 65, every injunction must 'state its terms specifically' and 'describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required.'" *Access for the Disabled*, 2010 WL 2889823, at *1 (citing Fed. R. Civ. P. 65(d)(1)).  Plaintiff's broad request to enjoin Defendant from discriminating against individuals with disabilities and closing the property until completion of all alterations is not appropriate, and Plaintiff provides no law in support of the request.  The "Court simply cannot enjoin a party 'from discriminating against individuals with disabilities' and order compliance with 'all sections' of the ADA." *Access for the Disabled*, 2010 WL 2889823, at *1 ("To be entitled to injunctive relief, plaintiffs must, at a minimum, specifically identify each architectural barrier that they contend violates the ADA (or its relevant implementing regulations) and offer some evidence as to why

the removal of same is readily achievable and beneficial to Plaintiffs.").  Therefore, even if Plaintiff was entitled to default judgment, the undersigned finds that she is not entitled to the injunctive relief she requests in the Motions.

In light of the foregoing, the undersigned finds that Plaintiff's request to retain jurisdiction on the issue of attorney's fees and costs is due to be denied.

### IV.    CONCLUSION

Accordingly, it is **RECOMMENDED** that:

1. The Motion (Doc. 10) be **DENIED without prejudice**, and

2. Plaintiff be granted leave to file an amended motion for default judgment, if she so chooses, and given a deadline to file such motion.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on December 3, 2020.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy