# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**TAVIA WAGNER,**

    **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　　　　Case No:   6:20-cv-1217-Orl-22DCI

**GINIYA INTERNATIONAL CORPORATION,**

    **Defendant.**

## ORDER

This cause is before the Court on Plaintiff Tavia Wagner's Motion for Default Judgment against Giniya International Corp. d/b/a Quick Stop Discount Mart (Doc. 10) filed on October 10, 2020, which Magistrate Judge Irick has recommended be DENIED without prejudice.

Since the Report and Recommendation in this premises liability case under the Americans with Disabilities Act was entered on December 3, 2020 (Doc. 11), Syed S. Uddin, a non-attorney, purporting to represent Defendant Giniya International Corporation, filed a "Motion to Dismiss with Prejudice for Failure to State a Cause of Action" on behalf of the corporation. (Doc. 12). Plaintiff subsequently filed a Motion to Strike the unauthorized and belated "Motion to Dismiss." (Doc. 13).

Under the Local Rules, "No person shall be permitted to appear or be heard as counsel for another in any proceeding in this Court unless first admitted to practice in the Court pursuant to this rule." Local Rule 2.01(a), United States District Court for the Middle District of Florida.

Mr. Uddin may not represent the corporation, which must be represented by counsel admitted to practice before this Court; thus, the purported "Motion to Dismiss" (Doc. 12) as filed by Mr. Uddin *pro se* does not suffice as the corporation's response to the Complaint and it will be stricken.

After an independent *de novo* review of the record in this matter, and noting that no objections were timely filed, the Court agrees entirely with the findings of fact and conclusions of law in the Report and Recommendation. Moreover, a principal of the corporate Defendant has demonstrated an interest in the corporation defending against the claims in the case.

Default was previously entered by the Clerk of Court against Defendant (Doc. 9). However, federal courts generally favor resolution of cases on the merits and will vacate entry of default by the Clerk where appropriate, particularly in an ADA premises liability case such as this one in which Plaintiff seeks to obtain very specific accessibility improvements unique to the real property following an inspection and detailed report.

Defendant Giniya International Corporation, **by counsel admitted to practice in this Court**, may file a motion to vacate the default against the corporation and for leave to file a response to Plaintiff's Complaint by **March 1, 2021**; Plaintiff may then file a response within 14 days of Defendant's filing of a motion to vacate the default.

If Defendant fails to obtain counsel and fails to timely file a motion to vacate the default by March 1, 2021, Plaintiff must file an amended motion for default judgment by **April 1, 2021**, or be **subject to having her claims dismissed without prejudice for lack of prosecution** pursuant to Local Rule 1.07(b).

Therefore, it is **ORDERED** as follows:

1. The Report and Recommendation filed December 3, 2020 (Doc. No. 11) is **ADOPTED** and **CONFIRMED** and made a part of this Order.

2. Plaintiff's Motion for Default Judgment against Giniya International Corp. d/b/a Quick Stop Discount Mart (Doc. 10) is **DENIED without prejudice**. Plaintiff must file an amended motion for default judgment by **April 1, 2021.**

3. Plaintiff's Motion to Strike (Doc. 13) is **GRANTED.**

4. The "Motion to Dismiss with Prejudice for Failure to State a Cause of Action" filed by Mr. Uddin *pro se* is **STRICKEN**.

5. Defendant Giniya International Corporation, **by counsel admitted to practice in this Court**, may file a motion to vacate the default by **March 1, 2021**.

6. The case is **ADMINISTRATIVELY STAYED** until **March 1, 2021**.

**DONE** and **ORDERED** in Orlando, Florida on December 30, 2020.

*[Signature]*
ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties